**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**January 4, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

STEVEN DEWAYNE MILLS,

    Defendant - Appellant.

No. 22-3261
(D.C. No. 5:21-CR-40075-TC-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, Chief Judge, **KELLY** and **CARSON**, Circuit Judges.
_____

This matter is before the court on the government's motion to enforce the appeal waiver in Steven Dewayne Mills's plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). Exercising jurisdiction under 28 U.S.C. § 1291, we grant the motion and dismiss the appeal.

Mr. Mills pleaded guilty to conspiracy to commit wire fraud. As part of his plea agreement, he waived his right to appeal his conviction and sentence. Mr. Mills reserved his right to challenge his conviction in a proceeding under 28 U.S.C. § 2255 based on a claim of ineffective assistance of counsel or prosecutorial misconduct.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

And the waiver includes two exceptions to the bar on appeals of the sentence imposed: it permits Mr. Mills to appeal his sentence if the government appealed it or if the court imposed a sentence above the Guidelines range determined by the court.

Mr. Mills acknowledged in the plea agreement that he was entering his plea knowingly and voluntarily and that he understood its consequences, including the sentences that could be imposed. He also acknowledged he was waiving his right to appeal his conviction and a within-Guidelines sentence. At the change-of-plea hearing, the district court reminded him of the possible sentences and broad appeal waiver, and he confirmed that he understood and that he wanted to plead guilty. Based on his responses to the court's questions and its observations of his demeanor, the court accepted his plea as having been knowingly and voluntarily entered.

The court then sentenced Mr. Mills to 24 months' imprisonment. The sentence is at the bottom of the Guidelines range, which the court determined was 24 to 30 months. The government did not appeal the sentence.

Despite the broad appeal waiver, Mr. Mills filed a notice of appeal. His docketing statement indicates that the appeal issues are that he did not knowingly and voluntarily enter his plea and that the court erred in calculating the Guidelines range.

In ruling on a motion to enforce, we consider whether the appeal falls within the scope of the appeal waiver, whether the defendant knowingly and voluntarily waived his right to appeal, and "whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325.

2

In response to the government's motion to enforce, Mr. Mills, through counsel, explained the substance of his sentencing challenge and his claim that his plea was invalid because, despite the change-of-plea transcript reflecting the court's advisement about the appeal waiver, he "does not recall that discussion or recall being advised that he would be unable to appeal a sentencing error such as the one at issue."  Resp. to Mot. to Enforce at 3.  Nevertheless, Mr. Mills

> acknowledge[d] that under this Court's controlling precedent, he cannot show *on the present record* on direct appeal that his plea or his appeal waiver was not knowing or voluntary, that his appeal is outside the scope of the waiver, or that enforcement of the waiver would be a miscarriage of justice under [*Hahn*].

*Id.* at 4-5.  He thus indicated that he does not object to the enforcement of the waiver and dismissal of his appeal, provided the dismissal does not "prejudice . . . [his] reserved 28 U.S.C. § 2255 rights."  *Id.* at 1.

Because Mr. Mills concedes that the appeal waiver is enforceable under *Hahn*, we need not analyze the *Hahn* factors.  *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005) (court need not address uncontested *Hahn* factors).  And based on his concession and our review of the record, we grant the government's motion to enforce the appeal waiver and dismiss the appeal.  This dismissal is without prejudice to Mr. Mills's reserved rights to pursue relief under § 2255.

Entered for the Court
Per Curiam

3